United States District Court
Southern District of Texas
**ENTERED**
June 25, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Bo Daniel Shafer,<br>  Petitioner,<br><br>v.<br><br>Lorie Davis,<br>Director, Texas Department of<br>Criminal Justice, Correctional<br>Institutions Division,<br>  Respondent. | §<br>§<br>§<br>§<br>§   Civil Action H-18-1564<br>§<br>§<br>§<br>§<br>§ |

# Memorandum and Recommendation

Bo Shafer is serving twenty-six years in prison for continuous sexual abuse of a child. (D.E. 20-10 at 326.) Shafer filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (D.E. 1.) Lorie Davis has moved for summary judgment. (D.E. 13.) The court recommends that Davis's motion for summary judgment be granted and Shafer's petition be denied with prejudice.

*1. Background*

In 2003, Shafer had a daughter ("Daughter") with his ex-wife ("Ex-wife") in a marriage that lasted less than two years. Shafer and Ex-wife divorced in 2005. Shafer married another woman ("Stepmother") in 2009. Ex-wife and Shafer had an ongoing dispute about Shafer's romantic partners. In 2009, Ex-wife filed a report with Child Protective Services (CPS) alleging that Stepmother slapped Daughter. Nothing came of the CPS investigation.

Stepmother and Shafer divorced in 2012 and re-married in 2014. Shafer and Stepmother raised Stepmother's two sons, who are both younger than Daughter. Daughter had overnight visits with Shafer and his new family. Sometimes Shafer took Daughter and the boys on overnight trips.

Shafer and Ex-wife often fought about Shafer's visitation rights. One such dispute arose on the evening of Friday, May 30, 2014, after Daughter's cheerleading recital. Ex-wife refused Shafer's request to have Daughter that weekend. Shafer and Stepmother went unannounced to the cheerleading recital to pick Daughter up. They had a confrontation with Ex-wife. Ex-wife alleges that she took Daughter to a fast-food chain restaurant. There, Daughter told Ex-wife that Shafer had sexually abused her in 2013.

Around 6:50 PM on May 30, 2014, Ex-wife texted Shafer "[Daughter] told me what u did to her u will never c her again u bastard!!!" (D.E. 20-24 at 29.) Shafer did not respond to the text until Tuesday, June 3, 2014. *Id.*

Ex-wife immediately took Daughter to an emergency room. The emergency room doctor referred Daughter to the Texas Children's Hospital. Ex-wife took Daughter there the next morning. A nurse trained to treat sexual assault victims examined Daughter. The police arranged for a forensic interview. A trained counselor interviewed Daughter on video.

A grand jury indicted Shafer in 2014 on one count of continuous sexual abuse of a child. (D.E. 20-10 at 69.)

2. *Trial and Procedural Posture*

Shafer's case proceeded to jury trial in the 184th Judicial District Court in Harris County, Texas. (*See* D.E. 20-11–D.E. 20-24.) The States' witnesses were Ex-wife, Daughter, an expert witness on child sexual abuse, the forensic interviewer, and medical professionals who examined Daughter. Shafer's witnesses were Stepmother, Stepmother's son, Daughter's family doctor, an expert witness on obstetrics and gynecology, and Shafer's relatives. Shafer also testified. The jury found Shafer guilty as charged and sentenced him to twenty-six years in prison.

Daughter identified Shafer as her abuser. She testified that the abuse began in 2013, when Shafer was temporarily divorced from Stepmother and was living with a friend. Daughter and her step brothers would stay overnight with Shafer at his friend's house.

2

Daughter alleged that everyone slept together on a bunkbed, with her step brothers on the top bunk and Shafer and Daughter on the bottom. Daughter testified that after the two boys fell asleep Shafer kissed her, fondled her, and penetrated her. She further testified that the abuse also happened at Shafer's apartment under similar circumstances.

Shafer appealed. He argued that the evidence was insufficient and that his right to a speedy trial was violated. The Fourteenth Court of Appeals affirmed the district court's judgment. (D.E. 20-1; D.E. 20-2; D.E. 20-3.) Shafer did not file a petition for discretionary review.

Shafer filed an application for state habeas corpus relief claiming ineffective assistance of counsel. (D.E. 20-28 at 5–38.) The state habeas court adopted the State's proposed findings of fact and conclusions of law. (D.E. 20-28 at 51–59.) The Texas Court of Criminal Appeals denied Shafer's application without written order on findings of the trial court. (D.E. 20-25.)

Shafer filed his federal petition for habeas corpus under 28 U.S.C. § 2254 on May 11, 2018. (D.E. 1.)

3. *Standard of Review for § 2254 Cases*

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal writ of habeas corpus is available for "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court cannot grant habeas relief "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" the Supreme Court, or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The state court's factual findings are presumed correct, and the applicant bears the burden to overcome that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). "As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018). AEDPA requires the court to defer to the state habeas court's express and implicit findings of fact and conclusions of law. *See Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004).

4. *Analysis*

Shafer raises the same ineffective assistance of counsel claims in his federal petition for habeas relief as he did in his state application. Because Shafer has exhausted his claims, the court considers his claims on the merits. *See* 28 U.S.C. § 2254(b)(1); *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004).

A. *Legal Standards*

To prevail on a claim of constitutionally ineffective assistance of counsel, a petitioner must show (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010); *Mejia v. Davis*, 906 F.3d 307, 315 (5th Cir. 2018). It is "all the more difficult" where, as here, a defendant challenges a merits denial of his *Strickland* claim under AEDPA. *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *Mejia*, 906 F.3d at 315. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105; *Mejia*, 906 F.3d at 315 (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

4

### *(1) Deficient Performance*

Deficient performance means that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In reviewing counsel's performance, courts must "be highly deferential," eliminate the "distorting effects of hindsight," and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

"Defense counsel's strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Mejia*, 906 F.3d at 316 (5th Cir. 2018) (internal citations and quotation marks omitted). "A court reviewing those choices is required not simply to give counsel the benefit of the doubt, but to affirmatively entertain the range of possible reasons he may have had for proceeding as he did." *Id.* (internal quotation marks omitted). The Fifth Circuit has "explained that counsel is afforded particular leeway where a potential strategy carries double-edged consequences." *Id.* (internal quotation marks omitted). "Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Harrington*, 562 U.S. at 105; *Mejia*, 906 F.3d at 317. "It is 'all too tempting' to 'second-guess counsel's assistance after conviction or adverse sentence.'" *Harrington*, 562 U.S. at 105 (citing *Strickland*, 466 U.S. at 690).

### *(2) Prejudice*

Under *Strickland,* prejudice is "a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. It is not enough to show that errors had "some conceivable effect" on the outcome; rather, counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose

result is reliable." *Id.* at 687. "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112. A court assessing prejudice "must consider the totality of the evidence before the judge or jury," because "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland*, 466 U.S. at 695–96.

B. *Shafer's claims*

Shafer argues that his trial counsel was ineffective for (1) not questioning or challenging for cause the venire members who were biased against his defense theory; (2) not objecting to the admission of Ex-wife's testimony at trial despite the State's failure to satisfy the requirements of Texas Code of Criminal Procedure art. 38.072; (3) not investigating a neighbor child who would have impeached Daughter's testimony; and (4) not objecting to the admission of a video recording of Daughter's forensic interview.

> (1) *Shafer's* Strickland *claim as to counsel's performance during voir dire is without merit.*

Shafer argues that his trial counsel was ineffective for failing to strike or challenge for cause venire members who were biased towards his defense theory. During voir dire the prosecutor asked the panel a series of questions that they were to answer numerically, with "1" being "strongly disagree," "2" being "disagree," "3" being "agree," and "4" being "strongly agree." The State's question relevant to Shafer's claim was whether "[c]hildren are easily influenced to make up allegations of sexual abuse." (D.E. 20-15 at 64.)

Out of fifty-two venire members, fifteen agreed. Three of those were empaneled as jurors. Thirty-five disagreed and two strongly disagreed. Out of those thirty-seven venire members, nine were empaneled as jurors.

The state habeas court found that a part of Shafer's defense at trial was that Ex-wife pressed Daughter to lie. (D.E. 20-28 at 52, ¶ 7.) Because Shafer argued in his state habeas application that his counsel should have removed venire members 14, 16, 17, and 23

6

(D.E. 20-28 at 26–27), the state habeas court made express findings only as to those four jurors:

> Venire member 14 gave a "2" indicating they did not agree with the statement that children are easily influenced to make up allegations of sexual abuse.
>
> Venire member 16 gave a "2" indicating that they did not agree with the statement that children are easily influenced to make up allegations of sexual abuse.
>
> Venire member 17 gave a "3" indicating they agreed with the statement that children are easily influenced to make up allegations of sexual abuse.
>
> Venire member 23 gave a "3" indicating they agreed with the statement that children are easily influenced to make up allegations of sexual abuse.

(D.E. 20-28 at 52–53, ¶¶ 9–12.)

The state habeas court concluded:

> The applicant fails to show harm as a result of trial counsel's alleged failure to further question venire members 14, 16, 17, and 23 regarding whether they could set aside their bias and judge the applicant on the facts of his case because the applicant fails to show venire members 14, 16, 17, and 23 were unable to judge the applicant on the facts of his case.

(D.E. 20-28 at 56, ¶ 1.)

The record supports the state habeas court's conclusions. As to the three jurors who agreed with the statement, including venire members 17 and 23, there was no reason for counsel to strike them. They agreed that children are easily influenced to make up allegations of sexual abuse, and therefore agreed with Shafer's defensive theory.

The state habeas court's conclusion—that Shafer failed to show venire members 14 and 16 were unable to judge him on the facts of his case—applies with equal force to the seven other jurors who gave similar answers. Federal courts must presume the state habeas

7

court's findings are true, whether the findings are express or implied. *See* 28 U.S.C. § 2254(e)(1); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004) (federal court must defer to a state habeas court's implicit conclusion); *see also Ortiz v. Quarterman*, 504 F.3d 492, 502 (5th Cir. 2007) (whether a juror was biased is an issue of fact reserved to the trial court).

The court's own review of the record supports the state habeas court's findings. The mere fact that venire members did not think a child could "easily" be influenced to lie is insufficient to show that they were unconstitutionally biased. Whether children can easily be influenced to lie about sexual abuse is not the same issue as whether children can be influenced at all. Counsel could have reasoned that a juror who does not think a child could "easily" be influenced to lie about sexual abuse might nevertheless believe that a child can be influenced to do so. In this respect, the state's question was not particularly useful to Shafer's counsel at voir dire.

Six out of the nine jurors who disagreed that children are easily influenced nevertheless answered that "a defendant convicted of sexually abusing a child can be rehabilitated." (D.E. 20-15 at 14–18.) Counsel could have reasoned that empaneling those jurors could be helpful at sentencing in the event of a conviction.

None of the jury members displayed separate concerns about their ability to be impartial. During three days of voir dire, thirty prospective jurors were excused after expressing their inability to be fair, including fourteen venire members who stated that they already favored the State because of their own experience of sexual abuse or for other reasons. (D.E. 20-13 at 48, 75, 77, 78–79, 81–83; D.E. 20-14 at 51–52, 54, 95–96, 105–09, 117–21.)

The jury reached a unanimous guilty verdict. (*See* D.E. 20-15 at 154–55; D.E. 20-22 at 5–6.) Thus, the three jurors who agreed that children are "easily influenced" to make up allegations of sexual abuse still found Shafer guilty.

Shafer has not shown that his trial counsel was constitutionally deficient for not moving to strike the jurors who

8

disagreed that children are easily influenced to make up allegations of sexual abuse. Shafer has also not shown that he was harmed by the makeup of the jury.

Habeas relief is denied.

### (2) *Shafer's* Strickland *claim as to outcry witness testimony is without merit.*

At trial, Ex-wife testified that Daughter first told her about the abuse after the cheerleading recital at a fast-food restaurant. Shafer argues that his counsel rendered ineffective assistance by not objecting to Ex-Wife's testimony. Shafer argues that an objection was necessary because her testimony did not meet the requirements of the hearsay exception under Texas Code of Criminal Procedure art. 38.072, which concerns hearsay statements made by a child abuse victim, also known as "outcry" testimony.

The statute provides in relevant part:

> A statement [by an outcry witness] is not inadmissible because of the hearsay rule if:
>
> (1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:
>
> > (A) notifies the adverse party of its intention to do so;
> >
> > (B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and
> >
> > (C) provides the adverse party with a written summary of the statement;
>
> (2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and
>
> (3) the child or person with a disability testifies or is available to testify at the proceeding in court or in any other manner provided by law.

Tex. Code Crim Proc. Ann. art. 38.072 (West 2014).

Shafer argues that his counsel rendered deficient performance when he did not object to lack of notice or request a hearing pursuant to art. 38.072.

Shafer claims that Daughter could not have made the outcry statement at the fast-food restaurant. According to Shafer, Ex-wife sent him a text message at 6:50 PM accusing him of sexually assaulting Daughter, but the cheerleading recital lasted until 7:00 or 7:30 PM.

The state habeas court found that the State notified Shafer of its intent to use Ex-wife as an outcry witness, and the State gave another notice at the pretrial hearing where Shafer participated in person. (D.E. 20-28 at 54–55, ¶¶ 27–35.)

The record supports the state court's findings. The State's notice included a summary of Ex-wife's interview with the State and a summary of Daughter's outcry. (D.E. 20-10 at 144–45.)

The state habeas court found that Daughter testified at trial and was cross-examined about her outcry statement to Ex-wife. (D.E. 20-28 at 55, ¶ 37.) It also found that Shafer failed to show that the outcry statement was unreliable or that, had there been a hearing, the trial court would have found the outcry statement inadmissible. (D.E. 20-28 at 55, ¶ 38–39.)

The record supports the state court's findings. Daughter testified about her outcry. (D.E. 20-18 at 151–54.) Shafer's counsel introduced into the record a picture of Daughter's cheer recital taken at 6:35 PM. (D.E. 20-24 at 53.) Shafer testified that everyone was still at the recital at 6:50 PM. (D.E. 20-20 at 180.) The jury had access to this evidence in addition to Ex-wife's outcry testimony.

Shafer has not rebutted the findings of the state habeas court. Shafer has not shown that he was prejudiced by his counsel's failure to request a hearing. (*See* D.E. 20-28 at 56.) Prejudice requires a showing that the trial court would have excluded the testimony had it held the hearing. *See Lyon v. Thaler*, No. 3-10-CV-0899-B-BD, 2011 WL 3647910, at *2 (N.D. Tex. June 3, 2011) (the petitioner could not obtain habeas relief for lack of a 38.072 hearing under the

theory of ineffective assistance counsel because the petitioner did not show prejudice.). Shafer's new assertion that he has GPS data that placed Ex-wife at the recital when she texted him at best raises a dispute about where the outcry took place. It does not raise a dispute about the fact of the outcry or its contents. Shafer has not shown prejudice.

Shafer's claim does not merit habeas relief.

*(3)Shafer's* Strickland *claim about counsel's failure to introduce an impeachment witness is without merit.*

Daughter testified about the sex acts that Shafer performed on her. Shafer alleges that Daughter learned about those acts not from him but from a girl in Daughter's neighborhood. He alleges that at some point the girl was found naked with Daughter. Shafer argues that trial counsel was ineffective for not presenting testimony from the girl, who would have impeached Daughter at trial.

The state habeas court found that Shafer failed to identify the child, offer any proof of what the child would have testified about, or show that the child would have been available for trial. (D.E. 20-28 at 55, ¶¶ 40–43.) It also found no showing of whether the child would have testified to Shafer's benefit or what trial counsel could have discovered by interviewing her. (D.E. 20-28 at 55, ¶¶ 44–45.)

The court's review of the record supports the state habeas court's findings. During the pretrial motions hearing, Shafer's counsel stated that he intended to introduce evidence about the neighbor child. The court ordered counsel to approach the bench before doing so. (*See* D.E. 20-12 at 16–17.) At trial, Shafer's counsel tried to question Ex-wife about Daughter being found naked with the neighbor child, but the State raised a hearsay objection, and the court sustained it. (D.E. 20-16 at 93–96.) Shafer's counsel questioned Daughter about whether she was ever caught naked with the neighbor child, but Daughter denied it. (D.E. 20-18 at 112.) Shafer testified that Daughter was not allowed to play with the child once but did not state why. (D.E. 20-20 at 152.)

Ineffective assistance of counsel claims grounded on uncalled witnesses are not favored on federal habeas review. *McCoy v. Cabana*, 794 F.2d 177, 183 (5th Cir. 1986) ("[T]he presentation of testimonial evidence is a matter of trial strategy, and . . . allegations of what a witness would have testified are largely speculative."). "In order for the appellant to demonstrate the requisite *Strickland* prejudice, the appellant must show not only that this testimony would have been favorable, but also that the witness would have testified at trial." *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1989).

Shafer has not shown that his counsel rendered deficient performance. Neither his petition nor the record contains any evidence supporting his allegation that Daughter had a sexual relationship with the neighbor child. Shafer does not state who found the two children naked. It is uncertain whether Shafer's counsel could have interviewed anyone other than the child herself. There is no proof that the child would have testified at trial.

Further, a substantial part of Daughter's testimony was about her having sex with an adult male. Daughter testified that Shafer made her perform oral sex on him, rubbed his sexual organ against hers, and penetrated her. (*See* D.E. 20-18 at 80, 84–86, 89.) Daughter described, using sensory details, how she felt and what Shafer's sexual organ looked like. *Id.* Sexual acts with a girl her age could not have prepared Daughter to testify about these details. Testimony from the neighbor girl would not have been helpful to Shafer's defense.

Habeas relief is denied.

> (4) *Shafer's* Strickland *claim as to the video recording of Daughter's forensic interview lacks merit.*

Shafer claims that his trial counsel was ineffective for not raising an objection at trial under Texas Code of Criminal Procedure art. 38.071 about the admissibility of Daughter's forensic interview. However, an objection would have been futile because art. 38.071 was inapplicable. The statute provides:

> This article applies only to a hearing or proceeding in which the court determines that a child younger than 13 years of age would be unavailable to testify in the presence of the defendant . . . .

Tex. Code Crim. Proc. Ann. art. 38.071 (West 2014).

Daughter testified at trial, and thus the statute was inapplicable. Therefore, Shafer's claim that his counsel should have raised an objection lacks merit. *See May v. Dir. TDCJ*, No. 9:13-CV-10, 2016 WL 976994, at *4 n.4 (E.D. Tex. Mar. 15, 2016) (denying habeas relief on similar grounds where the victim testified at trial).

*5. Conclusion*

The court recommends that Davis's motion be granted and Shafer's petition be denied with prejudice. Any remaining motions are terminated as moot. Shafer has not met his threshold burden of demonstrating that the state habeas court's denial of these claims constituted an unreasonable application of federal law or an unreasonable determination of the facts in light of the evidence. Similarly, Shafer has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its ruling. Therefore, the undersigned recommends that a certificate of appealability not be issued. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 25, 2019.

*[signature: Peter Bray]*

Peter Bray
United States Magistrate Judge